**Garland D. JARMAN, Petitioner,**

v.

**DEPARTMENT OF the NAVY, Respondent.**

No. 96–3390.

United States Court of Appeals, Federal Circuit.

May 20, 1998.

Robert A. Parks, The Parks Law Offices, Jacksonville, NC, for Petitioner.

Lance J. Lerman, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for respondent. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Anthony H. Anikeeff, Assistant Director.

Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The only question we decide is whether the Merit Systems Protection Board ("Board") correctly dismissed for lack of jurisdiction the petitioner's appeal challenging his removal by the Department of the Navy. The answer, as we explain, turns on whether in rescinding a prior removal the Navy had returned the petitioner to the status quo ante. We hold that the Navy had not restored him to the status quo ante and that the Board therefore erred in dismissing the appeal for lack of jurisdiction. We reverse that decision and remand to the Board for further proceedings consistent with this opinion.

### I.

The underlying facts, as set forth in the Board's decision and as supplemented by ad-

ditional material in the record, are undisputed.

The petitioner Jarman worked as an electrician for the Navy in a position that was subject to random drug testing. After Jarman tested positive for marijuana in January 1995 (the first test), the Navy in February 1995, proposed to remove him. In March 1995, Jarman and the Navy entered into a "Last Chance Agreement" under which:

1. Jarman would be suspended for 21 days in lieu of removal.

2. Jarman would be on probation for two years "whereby removal may be initiated anytime for any future misconduct or performance problems."

3. Jarman agreed to various rehabilitation actions and to "be subject[ed] to random urinalysis" at least twice monthly.

4. Jarman further agreed that "[a]ny alcohol or drug related offense will be considered just cause for [his] immediate removal." Jarman was required to "demonstrate conduct becoming a government employee at all times," and "[a]ny violation of this requirement will be considered just and sufficient cause for [his] immediate removal."

5. Jarman and his union also "voluntar[ily] agree[d] to waiver, during the agreed upon probationary period, [of] all appeal rights to a civil action, the Merit Systems Protection Board, the Negotiated Grievance Procedure and any other administrative forum arising out of his proposed removal and/or this decision, and any action taken during the probationary period for misconduct/performance and/or failure to comply with the terms of this agreement."

In June 1995 Jarman tested positive for methamphetamine (the second test) and on August 23, 1995 the agency again proposed his removal. Jarman was removed effective September 30, 1995 and he appealed that action to the Board.

In the interim, on August 1, 1995, Jarman tested positive for marijuana (the third test). The agency took no immediate action based on that test, apparently because when it re-ceived the results it was processing the August 23 proposed removal.

In a March 1996 report that Jarman submitted to the Navy, a testing laboratory reported that the urine sample involved in the June 1995 second test was not Jarman's.

On June 20, 1996, the Navy rescinded Jarman's September 30, 1995 removal (based on the second test) and returned him to duty effective June 24, 1996, without back pay. On the latter date it proposed his removal based on the August 1, 1995 test (the third test) and "substituting a urine sample."

The Board dismissed Jarman's appeal (from his September 30, 1995 removal) for lack of jurisdiction. Docket No. DC-0752-96-0121-I-2. (The Administrative Judge's initial decision became final when Jarman did not seek Board review by the specified date.) The Board stated:

When an agency completely rescinds an action after it has been appealed to the Board, the Board lacks jurisdiction over the rescinded action. An agency's cancellation of its action constitutes a complete rescission if the appellant is returned to the status quo ante. Restoration to the status quo ante requires that the appellant be placed as nearly as possible in the same situation he would have been in if the action had never occurred. Generally, this requires that the agency restore all of the back pay and benefits owed the employee as a result of the cancelled action.

The Board concluded that Jarman

is not entitled to back pay or benefits for the period between his removal and the date of the rescission of his removal because he would have been removed for the third test and would not have been an employee of the agency during the period. Because the appellant is not entitled to back pay or benefits, the agency's cancellation of the removal action and restoration of the appellant to duty constitutes a return to the status quo ante and divests the Board of jurisdiction.

II.

The Board has stated:

If an agency completely rescinds the action being appealed, the Board has no jurisdic-

tion over the rescinded action. An agency's cancellation of its action constitutes a complete rescission if the appellant is returned to the status quo ante. Restoration to the status quo ante requires that the appellant be placed as nearly as possible in the same situation that he would have been in if the action had never occurred.

*Dellera v. Department of Housing and Urban Dev.,* 65 M.S.P.R. 636, 641 (1994), *aff'd,* 82 F.3d 434 (Fed.Cir.1996) (table); *see also Roja v. Department of the Navy,* 55 M.S.P.R. 618, 621 (1992); *cf. Bruning v. Veterans Admin.,* 834 F.2d 1019, 1021 (Fed.Cir.1987). The Board's rationale for concluding that an agency's complete rescission of its adverse action ousts the Board of jurisdiction to review the rescinded action presumably is that once the agency has taken that step, there no longer is any adverse action against the employee that the Board has jurisdiction to review under 5 U.S.C. § 7513(d) and § 7701(a) (1994).

■ On its face, the Navy's action in this case did not restore Jarman to the status quo ante. Although the Navy restored Jarman to the position he had prior to his removal, it did not give him the back pay or restore to him the other benefits he would have received between September 30, 1995 (when he was removed) and June 24, 1996 (when he was returned to duty). Jarman does not appear to have been "placed as nearly as possible in the same situation that he would have been in if the [removal] action had never occurred." *Dellera,* 65 M.S.P.R. at 641.

The Board held, however, and the government here argues that if Jarman had not been removed effective September 30, 1995 for the June 1995 positive drug test, he would have been removed by that date as a result of his third positive drug test on August 1, 1995. They rely on the provision of the Last Chance Agreement that "[a]ny drug related offense will be considered just cause for [Jarman's] immediate removal." According to their theory, Jarman would not have received any pay or any other benefits after September 30, 1995, even if his original removal had not occurred, and the reinstatement of Jarman therefore restored the status quo ante.

Inherent in the Board's determination that it has been divested of jurisdiction because the agency's rescission of the adverse action restored the status quo ante is the requirement that the undisputed facts unequivocally so demonstrate. It is not enough to say, as the Navy and the Board did here, that if Jarman had not been removed on September 30, 1995 on the basis of his second drug test, he would nonetheless have been removed by that date for his third drug test; and therefore that he has no claim to back pay and other benefits resulting from the removal which the Navy subsequently canceled and which is the subject of his appeal. Such speculative conjectures are insufficient to show that the Navy restored Jarman to the status quo ante, namely, the position he would have been in if the canceled removal had never taken place. The provision in the Last Chance Agreement that "[a]ny drug related offense will be considered just cause for [Jarman's] immediate removal," does not prove that he would have been removed for the third test by that date.

The facts of the present case support that conclusion. The Navy rescinded the removal only after Jarman had submitted a report from a testing laboratory that the urine that had tested positive for drugs was not Jarman's. Although the Navy did not give its reason for canceling the removal, it is a reasonable inference that the report had some role in that decision. It is impossible to know whether Jarman will contend that the urine sample of the third testing, on which his removal was again proposed, also was flawed or how the Navy would react to such a claim. Suffice it to say that what happened with respect to the second drug test at least raises questions about the Navy's and the Board's conclusion that, in any event, Jarman would have been removed by September 30, 1995 on the basis of the third drug test.

*Roja v. Department of the Navy,* 55 M.S.P.R. 618 (1992), on which the Board relied and which the government cites, does not support the Board's decision. In that case the agency removed the employee, the

employee appealed to the Board, and the agency then canceled the rescission. It did not, however, award him back pay or other benefits for the period of his removal. The Board held that the appeal was properly dismissed as moot because the agency had restored the status quo ante by canceling the removal. *Id.* at 620.

The reason the agency did not award back pay or other benefits, however, was that the employee had received Office of Worker's Compensation Program benefits during his removal, and under the pertinent statute and regulations an employee receiving such benefits "is not entitled to receive salary, pay, or remuneration of any type." *Id.* at 621. In other words, the agency was barred from awarding employment benefits because of the employee's receipt of worker's compensation benefits.

In the present case, on the other hand, there was no statute, regulation, or case law that barred the Navy from giving Jarman back pay or other benefits. The Navy's refusal to make such an award thus resulted not from any legal prohibition or requirement (as in *Roja*), but from the creative engineering of the Navy and the Board.

B.  Jarman asks us to rule that he "is entitled to receive back pay as part of a completed rescission of the Agency's first proposed removal." We decline to do so.

All we hold is that, because the Navy's alleged restoration of the status quo ante did not accomplish that objective, the Board erred in dismissing Jarman's appeal. All other questions—including but not limited to issues relating to back pay and other benefits and Jarman's claim that the Navy improperly retaliated against him for appealing his second removal—are matters for the Board to decide in the first instance on the remand we order. We intimate no views on those issues.

 Jarman also asks us to award his attorney fees, costs, and expenses "as a result of pursuing this matter to this court." We assume he seeks that relief under the Equal Access to Justice Act. 28 U.S.C. § 2412 (1994). To receive attorney fees under that Act, however, the applicant must be the "prevailing party." Our reversal of the Board's dismissal of the appeal for lack of jurisdiction and remand of the case to the Board for further proceedings does not make Jarman, at this time, a prevailing party under the Equal Access to Justice Act. *See Austin v. Department of Commerce,* 742 F.2d 1417, 1420–21 (Fed.Cir.1984).

## CONCLUSION

The order of the Board dismissing the appeal for lack of jurisdiction is reversed and the case is remanded to the Board for further proceedings consistent with this opinion.

*REVERSED AND REMANDED.*