**Gwendolyn ZINN, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 01–3107.

United States Court of Appeals, Federal Circuit.

Dec. 10, 2001.

Before SCHALL, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

Gwendolyn Zinn appeals from the decision of the Merit Systems Protection Board, No. CH–0752–99–0728–I–1, 2000 WL 1637781, dismissing her appeal for lack of jurisdiction. We hold that that substantial evidence supports the Board's finding that Ms. Zinn breached the terms of her settlement agreement with the Army, and that Ms. Zinn accordingly waived her right to appeal her removal to the Board. We therefore *affirm* the Board's dismissal of Ms. Zinn's appeal.

BACKGROUND

Ms. Zinn was employed as a forklift operator for the United States Army at Fort McCoy, Wisconsin. On May 21, 1998, while being treated at a hospital, she made comments that the hospital personnel interpreted as threats against her supervisor. The Army subsequently proposed her removal for threatening to kill her supervisor. On July 28, 1998, with the assistance of union representation, Ms. Zinn entered into a last chance settlement agreement with the Army to avoid removal.

As part of the settlement agreement, Ms. Zinn admitted that she had made "in-

appropriate threats" that warranted her removal and she agreed that "she will not make any further threats or remarks which can be construed to mean that she intends to kill or harm her supervisor or any other person." She agreed to accept reassignment to another position in the same series and grade in a different activity on the fort, and she acknowledged that her "failure to comply with any of the terms of this agreement will result in the immediate implementation of the removal without prior notice." In addition, Ms. Zinn also agreed "to waive any and all MSPB, grievance, EEO, and other review rights, to include all administrative or judicial recourse normally available relating to any actions associated with the removal decision and this settlement agreement."

On September 30, 1998, Ms. Zinn submitted a request for sick leave from 10:30 a.m. to 12:00 noon, but she did not enter the number of hours taken on her leave request form. Her supervisor, Ross O'Neil, entered "1.5" hours of leave on the form. On October 27, 1999, Ms. Zinn entered Mr. O'Neil's office to talk about the matter because he had charged her for one and one-half hours of sick leave when she had intended to ask for only one hour. She claimed that the time she entered on the leave request form included her lunch period. Mr. O'Neil refused to change the amount of leave charged. As Ms. Zinn left, she made a statement that included the word "kill." What she actually said is in dispute. Mr. O'Neil believed that she had made a threat, and he called the police. Police officers arrived on the scene and took written statements from Mr. O'Neil and five other witnesses to the incident.

On November 12, 1998, the Army issued a notice removing Ms. Zinn from her employment on the ground that her conduct on October 27, 1998, violated the settlement agreement. She filed a formal discrimination complaint on November 7, 1998, alleging that her removal was based on her race and sex, and that it was in reprisal for having previously filed discrimination complaints. The Army issued a decision on her complaint on August 19, 1999, finding that it had not discriminated against her. On September 14, 1999, she appealed the matter to the Board.

Represented by counsel, Ms. Zinn argued before the Board that the settlement agreement was invalid because although the agreement originally had provided that Ms. Zinn would be assigned to Troop Issue Subsistence Activity, Building 490, the Army later physically altered the agreement to assign her to Troop One Installation Support Branch, Building 2569. After receiving briefing on this issue, the administrative judge issued an "Informational Notice" finding no merit in Ms. Zinn's arguments challenging the validity or enforceability of the agreement. The administrative judge concluded that the only issue remaining in the case was whether Ms. Zinn breached the settlement agreement. After a hearing at which Ms. Zinn and five witnesses testified about the events of October 27, 1998, the administrative judge found that Ms. Zinn breached the settlement agreement because her remark "can be reasonably construed to mean that she intends to kill or harm her supervisor or any other person." Accordingly, the administrative judge dismissed Ms. Zinn's appeal for lack of jurisdiction. After the full Board denied her petition for review, Ms. Zinn petitioned for review by this court.

## DISCUSSION

Ms. Zinn presents three arguments on appeal. First, she challenges the enforceability of the settlement agreement on the ground that the Army unilaterally altered the agreement by changing Ms. Zinn's job

assignment after she signed the agreement. Second, Ms. Zinn argues that she did not breach the settlement agreement because her statement was not directed at any particular person. Finally, she argues that the settlement agreement, even if enforceable, did not waive her right to appeal her discrimination claims to the Board. We address each of those contentions in turn below.

### A

■ On appeal, Ms. Zinn argues that the Army breached the settlement agreement by unilaterally altering it after she signed it. Ms. Zinn did not raise that argument before the administrative judge. Instead, before the administrative judge Ms. Zinn made the different argument that the alteration of the agreement without her signature or consent had the legal effect of rendering the entire agreement invalid, an argument that the administrative judge properly rejected.

A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed.Cir. 1998); *Meglio v. Merit Sys. Prot. Bd.*, 758 F.2d 1576, 1577 (Fed.Cir.1984). Because Ms. Zinn did not contend before the administrative judge that the Army had materially breached the settlement agreement by assigning her to a different unit than had been provided for in the settlement agreement, we decline to address that argument, which she is making to us in the first instance.

### B

■ Ms. Zinn also argues that she did not breach the settlement agreement, because her statement on October 27, 1998, was not directed to any person by name or otherwise. She contends that the statement was made out of frustration and was not intended as a threat to harm anyone.

The administrative judge's decision was based largely on his credibility determinations as to Ms. Zinn and the five other witnesses who provided testimony about the statement. Although the witnesses' testimony varied as to the exact words that Ms. Zinn used, all five witnesses to the event considered her statement to have been a threat and said that they were disturbed by it. In light of that evidence, we hold that the administrative judge's finding that Zinn's statement could be "reasonably construed to mean that she intends to kill or harm her supervisor or any other person" is supported by substantial evidence.

### C

■ It is well established that a federal employee can waive the right to appeal in a last chance settlement agreement. *See Buchanan v. Dep't of Energy*, 247 F.3d 1333, 1338 (Fed.Cir.2001); *Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 725 (Fed.Cir.1998). Ms. Zinn argues, however, that her settlement agreement waived only her right to appeal the initial removal action and not her right to appeal any future removal.

In support of her argument, Ms. Zinn directs us to paragraph 8 of the settlement agreement, which provides as follows:

8. The Employee agrees to waive any and all MSPB, grievance, EEO, and other review rights, to include all administrative or judicial recourse normally available relating to any actions associated with the removal decision and this settlement agreement.

Ms. Zinn contrasts the waiver in this settlement agreement with language found in similar settlement agreements disputed in *Jarman v. Department of the Navy*, 144 F.3d 794, 795 (Fed.Cir.1998), *Butler v. Department of the Navy*, 58 M.S.P.R. 1, 2 (1993), and *May v. United States Postal*

*Service,* 50 M.S.P.R. 654, 656 (1991). She argues that the agreements in those cases contained waivers of appellate rights expressly extending over the entire term of the agreement, whereas the waiver in dispute here is limited only to the resolution of the initial proposed removal decision.

The settlement agreement as a whole does not support Ms. Zinn's narrow reading of it. In paragraph 1 of the settlement agreement, Ms. Zinn and the Army agreed "that the effective date of the removal will be held in abeyance for three years from the date [Ms. Zinn] signs this agreement." Furthermore, Ms. Zinn agreed that "failure to comply with any of the terms of this agreement will result in the immediate implementation of the removal without prior notice." The November 12, 1998, notice of removal indicated that Ms. Zinn's removal was based on her violation of the settlement agreement and constituted the implementation of the initial removal decision. Under these circumstances, the Board properly concluded that it was authorized to determine whether she had breached the settlement agreement and whether the agreement was valid and enforceable, *see Stewart v. U.S. Postal Serv.,* 926 F.2d 1146, 1148–49 (Fed.Cir.1991), but that she had waived her appellate rights "to challenge the facts underlying and the legal validity of the original removal." *Id.* at 1149 n. *. Last chance settlement agreements, like the one signed by Ms. Zinn, predicate the reimposition of removal and concomitant waiver of appeal rights upon breach of the agreement. *See id.* at 1148–49. Having affirmed the Board's finding that Ms. Zinn breached the settlement agreement, we hold that she waived her right to appeal her removal to the Board.