**Richard J. DELANEY, Petitioner,**

v.

**U.S. INTERNATIONAL DEVELOPMENT AGENCY, Respondent.**

No. 04-3076.

United States Court of Appeals, Federal Circuit.

DECIDED: April 19, 2004.

Richard J. Delaney, Washington, DC, pro se.

Kent G. Huntington, Mark A. Melnick, David M. Cohen, Washington, DC, for Respondent.

Before MAYER, Chief Judge, LOURIE and GAJARSA, Circuit Judges.

## DECISION

PER CURIAM.

Richard J. Delaney appeals from the decision of the Merits Systems Protection Board (the "Board") dismissing his appeal from a reduction in force ("RIF") as moot. *Delaney v. U.S. Agency for Int'l Dev.,* No. DC–0351–97–1061–B–6 (M.S.P.B. May 31, 2002) (*"B–6 Initial Decision"*). We *affirm.*

## BACKGROUND

Mr. Delaney was a foreign service officer at the United States Agency for International Development (the "agency"). He was separated from service pursuant to an agency RIF in September 1996. Delaney subsequently filed a grievance at the Foreign Service Grievance Board. That board ultimately determined, however, that it lacked the authority to consider Delaney's claims that the agency RIF violated various statutes and regulations.

In September 1997, Delaney appealed to the Merit Systems Protection Board challenging his separation under the RIF and alleging that the agency had acted in reprisal for protected whistleblowing activities. An administrative judge ("AJ") ini-

tially dismissed Delaney's appeal for lack of jurisdiction, but the full Board reversed that decision and remanded the appeal for adjudication on the merits. *Delaney v. U.S. Agency for Int'l Dev.*, 80 M.S.P.R. 146 (1998). On remand, the AJ twice dismissed Delaney's appeal without prejudice in order to accommodate extensive discovery, Delaney's absence from the country, and ongoing settlement negotiations. *Delaney v. U.S. Agency for Int'l Dev.*, No. DC–0351–97–1061–B–1 (M.S.P.B. Dec. 21, 1998); *Delaney v. U.S. Agency for Int'l Dev.*, No. DC–0351–97–1061–B–2 (M.S.P.B. Apr. 21, 1999). After Delaney refiled his appeal in May 1999, the agency canceled the RIF and returned him to work in August 1999. The AJ ordered the parties to submit evidence and argument regarding whether the agency's cancellation of the RIF rendered Delaney's appeal moot, *Delaney v. U.S. Agency for Int'l Dev.*, No. DC–0351–97–1061–B–3 (M.S.P.B. July 20, 1999) (order), but then dismissed the appeal without prejudice to allow Delaney time to decide whether to convert to the Foreign Service Pension System ("FSPS") and, if he so elected, for the agency to make new back pay calculations, *Delaney v. U.S. Agency for Int'l Dev.*, No. DC–0351–97–1061–B–3 (M.S.P.B. Sept. 23, 1999).

Delaney refiled his appeal in December 1999, maintaining that his appeal was not moot because he had not been returned to the status quo ante. In an initial decision dated April 6, 2000, the AJ agreed with Delaney that the agency, which was still awaiting Delaney's decision regarding conversion to the FSPS, had not yet made back pay and interest payments to Delaney. *Delaney v. U.S. Agency for Int'l Dev.*, No. DC–0351–97–1061–B–4, slip op. at 10–13 (M.S.P.B. Apr.6, 2000) (*"B–4 Initial Decision"*). However, the AJ rejected Delaney's argument that return to the status quo ante would also require a retroac-

tive promotion to the Senior Foreign Service ("SFS") or a Senior Management Group ("SMG") position. *Id.* at 6–9. Nonetheless, noting both parties' interest in effecting a complete rescission of the RIF, the AJ once again dismissed the appeal without prejudice to allow the agency time to calculate and pay Delaney the back pay and interest necessary to restore him to the status quo ante. *Id.* at 16–17. On Delaney's petition for review, the full Board found that outstanding back pay issues remained and forwarded the petition for review to be docketed as a refiled appeal. *Delaney v. U.S. Agency for Int'l Dev.*, 87 M.S.P.R. 688 (2001).

In the meantime, Delaney elected to convert to the FSPS and the agency paid him $94,252.67 in back pay and interest. The AJ subsequently issued an order finding that the record supported the agency's back pay calculations but directing the agency to provide evidence that the appropriate amounts had been deposited into certain accounts. *Delaney v. U.S. Agency for Int'l Dev.*, No. DC–0351–97–1061–B–5 (M.S.P.B. May 14, 2001) (order). Shortly thereafter, the AJ again dismissed Delaney's appeal without prejudice, this time due to Delaney's medical condition and need to devote his attention to his intended retirement. *Delaney v. U.S. Agency for Int'l Dev.*, No. DC–0351–97–1061–B–5 (M.S.P.B. July 2, 2001).

Delaney refiled his appeal in September 2001. In an order dated November 19, 2001, the AJ found that Delaney had been returned to the status quo ante and that, with the exception of his whistleblowing claim, his appeal was moot. *Delaney v. U.S. Agency for Int'l Dev.*, No. DC–0351–97–1061–B–6 (M.S.P.B. Nov. 19, 2001) (*"B–6 Order"*). The AJ thus denied Delaney's request for a hearing on the merits of the RIF action but held a hearing on the whistleblower claim. In May 2002, the AJ

issued an initial decision dismissing Delaney's appeal of the RIF action as moot and denying Delaney's whistleblower claim. *B–6 Initial Decision.* The full Board denied Delaney's petition for review, making the AJ's initial decision final. *Delaney v. U.S. Int'l Dev. Agency,* No. DC–0351–97–1061–B–6, 2003 WL 22299947, 95 M.S.P.R. 294 (M.S.P.B. Sept. 26, 2003).

Delaney timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed.Cir.1998).

On appeal, Delaney first argues that the Board erred in dismissing his RIF appeal as moot because he has not yet been returned to the status quo ante. More specifically, Delaney asserts that the agency still owes him $14,518 in interest on "$217,011.64 of unpaid back pay elements covering the period between September 2000 and their date of actual payment in June 2001." The AJ rejected that argument as having "no merit," finding instead that in September 2000 the agency had calculated and paid Delaney the interest due on the agreed-upon amount of back pay. *B–6 Order,* slip op. at 2; *see also B–6 Initial Decision,* slip op. at 4. That finding is supported by substantial evidence: the record shows that the agency calculated that it owed Delaney $62,036.93 in interest based upon the gross back pay amount of $285,099.88 and that it dis-

bursed that interest to Delaney in September 2000. Delaney has pointed to no evidence to contradict the AJ's findings regarding the interest calculation and payment. Nor has he pointed to any law or regulation to show that he is entitled to a greater amount of interest. We therefore affirm the AJ's finding that Delaney is not entitled to an additional $14,518 in interest.

█ Delaney next asserts that the AJ erroneously applied case law applicable to civil service employees, rather than foreign service employees such as himself, and that under the correct legal framework the agency has failed to meet its burden of showing that it would not have promoted Delaney even if the RIF had not occurred. Delaney thus argues that return to the status quo ante requires his retroactive promotion to the SFS, with accompanying back pay and step increases. We disagree. In appeals from the Merit Systems Protection Board, we have held that an employee's restoration to the status quo ante requires reinstatement at a higher level "[o]nly if some provision of law mandates a promotion during the interim period" or if the employee can "'clearly establish' that he would in fact have been promoted." *Boese v. Dep't of the Air Force,* 784 F.2d 388, 390 (Fed.Cir. 1986). Applying that standard, the AJ correctly found that Delaney had failed to identify any law mandating his retroactive promotion or to establish that he would in fact have been promoted to the SFS had he not been separated by the RIF action. *B–4 Initial Decision,* slip op. at 6–9. We see no legal basis for disregarding our precedent and shifting the burden of persuasion to the agency in this context simply because Delaney was a foreign service employee. As such, we affirm the AJ's finding that Delaney's return to the status

quo ante does not require his retroactive promotion.

■ Delaney further contends that the Board's dismissal of his RIF appeal was procedurally defective in that the AJ improperly deprived him of both a hearing and a ruling on the merits of his claim. However, an appeal from an action that is rescinded or canceled by an agency becomes moot if the agency restores the employee to the status quo ante or, in other words, places the employee as nearly as possible in the same situation that he would have been in had the action never occurred. *See Jarman v. Dep't of the Navy,* 144 F.3d 794 (Fed.Cir.1998). Because, as discussed above, the AJ properly determined, based on substantial evidence in the record, that the agency had returned Delaney to the status quo ante, the Board lacked jurisdiction to reach the merits of the appeal. Delaney was thus not entitled to a hearing or an advisory ruling regarding whether the agency's RIF action was itself unlawful, and the Board's dismissal of his RIF appeal was not procedurally defective.

■ Delaney next argues that the AJ should have ruled on the merits of the canceled RIF so that he may be awarded legal fees. Although it is not clear to us that Delaney has filed a motion for attorney fees or that he has even incurred any legal fees, the Board correctly observed that a petitioner's intention to seek attorney fees does not prevent the dismissal of an otherwise moot appeal. *B-4 Initial Decision,* slip op. at 14. Having determined that the agency returned Delaney to the status quo ante, the Board had no basis for adjudicating Delaney's appeal of the RIF action on the merits. In any

event, the agency's voluntary rescission of the RIF action does not make Delaney a "prevailing party" under 5 U.S.C. § 7701(g).* *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (rejecting the catalyst theory as a permissible basis for an award of attorney fees). We therefore conclude that Delaney is not entitled to an award of attorney fees.

Finally, Delaney suggests in his reply brief that he is appealing the Board's dismissal of his whistleblower claim in its entirety, including the AJ's determination that his disclosures were not protected under 5 U.S.C. § 2302(b)(8). However, even recognizing that Delaney's *pro se* pleadings should be held to less stringent standards than those imposed on pleadings drafted by attorneys, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we are unable to read Delaney's appeal as presenting an argument for reversal of the Board's dismissal of his whistleblower claim. Delaney's informal appeal brief does not address the Board's ruling on his whistleblower claim, and his reply brief only states that he is appealing the Board's dismissal of his whistleblower claim without offering any substantive argument on the issue. We therefore consider Delaney as having waived his appeal with respect to his whistleblower claim and decline to review that aspect of the Board's decision.

We have considered Delaney's other arguments and find them unpersuasive.

## CONCLUSION

For the foregoing reasons, we conclude that the Board's dismissal of Delaney's

---

* Nor may Delaney be considered a "prevailing party" on the basis of his whistleblower claim, for the Board determined that the agency had not separated Delaney in reprisal for any protected whistleblowing activities and, as discussed below, we affirm that determination.

RIF appeal as moot was supported by substantial evidence; in accordance with law; and not arbitrary, capricious, or an abuse of discretion. We also conclude that Delaney has waived his appeal of the Board's denial of his whistleblower claim. Accordingly, the judgment of the Board is affirmed.